# EXHIBIT A

26-017893-CB FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 10/9/2026 3:15 PM Jacqueline Ruff

| STATE OF MICHIGAN<br>3rd JUDICIAL CIRCUIT<br>COUNTY OF WAYNE | VERIFICATION OF<br>BUSINESS COURT ELIGIBILITY<br>AND NOTICE OF ASSIGNMENT | CASE NO.<br>26- -CB |
|---|---|---|

Court address: 2 Woodward Ave., Detroit, MI 48226

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| YALTA ALVARADO-GOLDEN, ERIKA NASH, ZHANA KRISTOFF, and VERONICA PATILLO. | v | DELAWARE NORTH COMPANIES SPORTSERVICE, INC., MANAGEMENT SERVICES, INC., and DETROIT SPORTSERVICE, INC. |

I am the attorney for the [check one] ☑ plaintiff ☐ defendant and per *MCR 2.114(B)(2) and MCR 2.114(D)* declare to the best of my information, knowledge, and belief that this case meets the statutory requirements to be assigned to the business court, *MCR 2.112(O),MCL 600.8031 et seq.*, and request assignment to the Business Court for the following reasons:

[***Both Sections 1 and 2 must be completed to be accepted by the Court (check all that apply)***]

1. **Parties**. This is a qualifying business or commercial dispute as defined by *MCL 600.8031(1)(c)* because,

☐ all of the parties are business enterprises

☑ one or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members, directors, officers, agents, employees, suppliers, or competitors, and the claims arise out of those relationships

☐ one of the parties is a non-profit organization, and the claims arise out of that party's organizational structure, governance, or finances

☐ It is an action involving the sale, merger, purchase, combination, dissolution, liquidation, organizational structure, governance, or finances of a business enterprise.

**AND**

2. **Actions**. This business or commercial action as defined by *MCL 600.8031(2)* involves,

☐ information technology, software, or website development, maintenance, or hosting

☐ the internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers

☐ contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including but not limited to, alternative dispute resolution processes prescribed in the agreements

☐ commercial transaction, including commercial bank transactions

☐ business or commercial insurance policies

☐ commercial real property

☑ other type of business or commercial dispute (explain): Unjust enrichment and tip stealing

10/9/2026
Date

[signature]
Signature

David Blanchard
Name (type or print)

P67190
Bar no.

**STATE OF MICHIGAN**
**IN THE THIRD CIRCUIT COURT FOR THE COUNTY OF WAYNE**

| | |
|---|---|
| YALTA ALVARADO-GOLDEN, ERIKA NASH, ZHANA KRISTOFF, and VERONICA PATILLO, individually and on behalf of all similarly situated persons, | Case No. 26- -CB |
| Plaintiffs, | Hon. |
| v. | BUSINESS COURT CASE |
| DELAWARE NORTH COMPANIES SPORTSERVICE, INC., MANAGEMENT SERVICES, INC., and DETROIT SPORTSERVICE, INC., | |
| Defendants. | |

---

David M. Blanchard (P67190)
Cali N. Winslow (P88487)
BLANCHARD & WALKER PLLC
*Attorneys for Plaintiffs*
221 N. Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 929-4313
blanchard@bwlawonline.com
winslow@bwlawonline.com

---

***Pursuant to MCR 2.112(o), this action is to be designated as a Business Court Case.***

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint*

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiffs Yalta Alvarado-Golden, Erika Nash, Zhana Kristoff, and Veronica Patillo, individually and on behalf of all similarly situated persons, bring this Complaint against Defendants Delaware North Companies Sportservice, Inc., Management Services, Inc., and Detroit Sportservice, Inc., and allege as follows:

## NATURE OF THE CASE

1. Plaintiffs are suite servers who work the private suites at Comerica Park, the home of the Detroit Tigers.

2. Defendants operate the food and beverage service in those suites.

3. Defendants paid their suite servers an hourly cash wage well below the Michigan minimum wage and took a tip credit for the difference.

4. Michigan law permits an employer to pay a reduced tipped wage only if the employer meets every statutory condition, one of which is that the employee retains the entirety of the gratuities he or she receives, subject only to the employee's own voluntary choice to share them with co-workers in the chain of service. MCL 408.934d(1)(d).

5. Season after season, Defendants required their suite servers to surrender a fixed share of their gratuities to a pool that Defendants created, administered, and paid out through Defendants' own payroll to other employees.

6. Because Defendants imposed a mandatory tip pool, they were not entitled to the tip credit and owe their suite servers the full Michigan minimum wage for every hour worked, together with an equal amount in liquidated damages.

7. Michigan law also provides that gratuities remain the property of the employee who receives them, regardless of the wage the employer pays. MCL 408.934d(4). The gratuities Defendants took belonged to the suite servers who earned them.

8. Plaintiffs bring this action individually and as a class action under MCR 3.501, under the Improved Workforce Opportunity Wage Act, MCL 408.931 et seq. (the "IWOWA"), the Michigan statutory conversion statute, MCL 600.2919a, and the equitable doctrines of unjust enrichment and quantum meruit.

**JURISDICTION AND VENUE**

9. This Court has subject-matter jurisdiction under MCL 600.605.

10. The amount in controversy exceeds twenty-five thousand dollars ($25,000), exclusive of interest, costs, and attorney fees.

11. Venue is proper in this Court under MCL 600.1621 because Defendants conduct business in Wayne County, employed Plaintiffs at Comerica Park in Detroit, Wayne County, Michigan, and the events giving rise to Plaintiffs' claims occurred in Wayne County.

12. Plaintiffs' claims arise under Michigan statutes. The rights Plaintiffs assert exist independently of any collective bargaining agreement, do not depend on interpreting one, and could not be waived by one.

**PARTIES**

13. Plaintiff Yalta Alvarado-Golden is an adult resident of Flat Rock, Michigan.

14. Plaintiff Alvarado-Golden has worked for Defendants as a suite server at Comerica Park since approximately March 2005.

15. Plaintiff Erika Nash is an adult resident of Houghton Lake, Michigan.

16. Plaintiff Nash has worked for Defendants as a suite server at Comerica Park since approximately April 2019.

17. Plaintiff Zhana Kristoff has worked for Defendants as a suite server at Comerica Park since approximately 2013.

18. Plaintiff Kristoff is a resident of Allen Park, Michigan.

19. Plaintiff Veronica Patillo has worked for Defendants as a suite server at Comerica Park since approximately 2003.

20. Plaintiff Patillo is a resident of Harper Woods, Michigan.

21. At all relevant times, Plaintiffs were "employees" of Defendants within the meaning of the IWOWA. MCL 408.932(c).

22. Defendant Delaware North Companies Sportservice, Inc. ("Delaware North") is a New York corporation authorized to do business in Michigan, with a principal business address at 250 Delaware Avenue, Buffalo, New York 14202. Delaware North's registered agent in Michigan is Cogency Global Inc., 186 N Main St Fl 2 Ste 1, Plymouth, MI 48170.

23. Delaware North does business in Wayne County, Michigan, and was identified as the issuing employer on Plaintiffs' pay statements.

24. Defendant Detroit Sportservice, Inc. ("Detroit Sportservice") is a Michigan corporation with a principal business address at 250 Delaware Avenue, Buffalo, New York 14202. Detroit Sportservice's registered agent in Michigan is Cogency Global Inc., 186 N Main St Fl 2 Ste 1, Plymouth, MI 48170.

25. Detroit Sportservice operates food and beverage service at Comerica Park, including in the private suites, and does business in Wayne County, Michigan. Detroit Sportservice was identified as the issuing employer on Plaintiffs' pay statements prior to the 2026 season.

26. Defendant Management Services, Inc. ("Management Services") is, upon information and belief, a legal entity and the payroll employer for Delaware North and Detroit Sportservice, identified by that name on Plaintiffs' 2026 season pay statements with an address at 250 Delaware Ave, Buffalo, NY 14202-2285.

27. Delaware North, Detroit Sportservice, and Management Services do business under the Delaware North name, share a principal business address, and jointly set and administered the pay, gratuity, and tip-pooling practices applied to the suite servers. Each is an "employer" of

Plaintiffs within the meaning of MCL 408.932(d), individually and as joint employers or an integrated enterprise.

28. Delaware North, Detroit Sportservice, and Management Services are referred to collectively as "Defendants."

## GENERAL ALLEGATIONS

***Defendants' business and the suite servers' work***

24. Defendants provide food and beverage service to the private suites at Comerica Park during the Detroit Tigers' season and at other events.

25. Defendants employ suite servers to take orders from and serve suite guests.

26. Suite servers set up and serve drinks, open wine, keep the suites stocked, provide refills, clean the suites, and provide other similar services to suite guests.

27. Defendants also employ suite food runners and suite beverage runners (together, the "Runners") who deliver food and beverages to the suites.

28. Runners do not directly serve suite guests and generally do not interact with them. That job is left to the suite servers.

29. Suite guests leave gratuities for the suite servers, most often as add-on tips charged to a credit card.

30. Suite servers input these tips along with the receipts into Defendants' point-of-sale system.

31. Defendants then distribute tips to employees through Defendants' payroll system.

32. Suite servers are customarily and regularly tipped employees.

***Defendants paid the suite servers less than the Michigan minimum wage***

33. Defendants paid their suite servers an hourly cash wage of $7.20 in the 2024 season, $7.40 in the 2025 season, and $7.60 in the 2026 season.

34. The Michigan minimum wage substantially exceeded that cash wage in each of those seasons, reaching $12.48 per hour beginning February 21, 2025, and $13.73 per hour beginning January 1, 2026. MCL 408.934.

35. Defendants counted the suite servers' gratuities toward Defendants' minimum wage obligation, that is, by taking a tip credit, even though they were not eligible to do so.

***Defendants imposed a mandatory tip pool***

37. Throughout the class period, Defendants required their suite servers to give a fixed share of their gratuities, generally forty percent, to the food runners.

38. Defendants referred to this arrangement as a "tip pool" or "tip sharing program" (the "Tip Pool").

39. The Tip Pool was Defendants' policy: Defendants wrote it, presented it, calculated each employee's share, and took a portion of the gratuities out through Defendants' payroll.

40. Defendants imposed participation in the Tip Pool as a condition of working the suites.

41. Defendants did not give suite servers an individual choice whether to share their gratuities or how much to share.

42. Defendants treated the Tip Pool as a longstanding, grandfathered practice and, when suite servers questioned it, declined to reduce its terms to writing.

***The 2025 season***

44. For the 2025 season, Defendants presented suite servers with a form titled "Tip Pool Notification." A true and correct copy of the 2025 Tip Pool Notification is attached as **Exhibit 1**.

45. The 2025 Tip Pool Notification stated that suite servers "will be required to participate in a mandatory tip pool."

46. It stated that suite servers "will be required to contribute 100% of the tips which you receive directly from customers or indirectly as charge tips to the tip pool."

47. The 2025 Tip Pool Notification claimed to rely on "the requirements of the federal Fair Labor Standards Act."

48. The 2025 Tip Pool Notification did not inform suite servers of the provisions of MCL 408.934d and did not obtain their written consent to take their tips.

49. The 2025 Tip Pool Notification stated that "[o]nly the amount of your tips after your contribution to the tip pool will be considered toward the tip credit," confirming that Defendants took a tip credit while requiring suite servers to surrender their gratuities.

***The 2026 season***

50. For the 2026 season, Defendants presented suite servers with a document titled "Tip Sharing Program." A true and correct copy of the 2026 Tip Sharing Program is attached as **Exhibit 2**.

51. The 2026 Tip Sharing Program provided that add-on tips left in a suite "will be shared between the Server and the Food Runners," that "Servers will receive 60% of the Tips for their assigned suites," and that "[t]he remaining 40% of the Tips are pooled and distributed to the Food Runners."

52. The Tip Sharing Program did not give suite servers a choice whether to share their gratuities or how much to share.

53. The Tip Sharing Program stated the tip sharing in mandatory terms: "servers and suite Food Runners...**will** each receive a share of tips," "add-on tips left by guests...**will be shared**

between the server and the Food Runners," "servers **will receive** 60% of the Tips...The remaining 40% of the Tips **are pooled and distributed** to the Food Runners."

54. The Tip Sharing Program was presented to suite servers during the pre-season technical training.

55. Suite servers were told they would not be allowed to bid on suites until the agreements were signed.

56. Suite block bidding determines which suites a suite server works and therefore what the server earns.

57. Defendants told suite servers to sign it and return it immediately, and would not answer questions, including what would happen to a server who chose not to sign.

58. Upon information and belief, a suite server who declined to sign the 2026 Tip Sharing Program would lose his or her suite assignments.

59. While signatures were being collected at the meeting, Defendants' representatives announced aloud how many forms remained outstanding.

60. Suite servers, including Plaintiffs, felt coerced into signing the agreements.

61. Plaintiff Alvarado-Golden later withdrew her signature and told management she "felt pressured," and that "the approach felt coercive and inappropriate."

62. Defendants later issued a revised 2026 form that required each suite server to allocate a percentage of gratuities to the Runners, provided that Defendants would pay the allocated gratuities to the Runners through payroll, and declared the allocation irrevocable until the mid-season All-Star Break in July. A true and correct copy of the Revised Tip Sharing Program is attached as **Exhibit 3**.

63. The Revised Tip Sharing Program used the same mandatory terms: "Servers, Suite Food Runners, and Suite Beverage Runners...**will** each receive a share of tips," "tips left by guests...**will be allocated** by the Server for the Runners assigned to the suite," "servers **will allocate** a percentage of tips to receive... The amounts allocated **will be paid** directly to the Runners through payroll."

64. The Revised Tip Sharing Program also specified that the "tip allocation will remain active and irrevocable until July 13th."

65. Defendants continued to pay their suite servers a cash wage below the Michigan minimum wage, and to take a tip credit, during the 2026 season.

***Defendants knew or should have known their conduct was unlawful***

66. Defendants are a large, sophisticated hospitality operation with the resources to determine what Michigan law requires.

67. No signed form purporting to agree to the tip pool is a defense, because an employee cannot waive the protections of the IWOWA, and "[a] contract or agreement between the employer and the employee or any acceptance of a lesser wage by the employee is not a bar to the action." MCL 408.939(2).

## CLASS ALLEGATIONS

69. Plaintiffs bring this action individually and on behalf of the following class under MCR 3.501 (the "Class"):

> All persons employed by Defendants as suite servers at Comerica Park at any time from six years before the filing of this Complaint through the date of judgment.

70. Plaintiffs reserve the right to amend or refine the Class definition, including to add other tipped classifications subject to the same practices and to add subclasses if needed, following discovery.

71. This action is brought and may properly be maintained as a class action because it satisfies each requirement of MCR 3.501(A)(1).

72. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. MCR 3.501(A)(1)(a). The Class includes all persons who worked as suite servers over the course of the class period. The identities of the Class members can be ascertained from Defendants' payroll and personnel records.

73. **Commonality.** There are questions of law and fact common to the Class that predominate over any questions affecting only individual members. MCR 3.501(A)(1)(b). The central question in this case is whether Defendants' uniform tip-pooling practice was lawful under the IWOWA, and that question can be resolved for the entire Class in one stroke, through common proof of Defendants' own policy, without individualized inquiry into any Class member's circumstances.

74. Other common questions include:

a. whether Defendants took a portion of suite servers' tips for the Defendants own benefit to compensate other employees;

b. whether Defendants were eligible to take a tip credit under MCL 408.934d for suite servers;

c. whether Defendants converted the suite servers' gratuities within the meaning of MCL 600.2919a; and

d. the proper measure of damages.

75. **Typicality.** Plaintiffs' claims are typical of the claims of the Class. MCR 3.501(A)(1)(c). Plaintiffs and every Class member held the same suite server position, were paid under the same wage structure, and were subject to the same Tip Pool practice, so that Plaintiffs' claims share the same essential characteristics as the claims of the Class and arise from the same course of conduct and the same legal theories.

76. **Adequacy.** Plaintiffs will fairly and adequately assert and protect the interests of the Class. MCR 3.501(A)(1)(d). Plaintiffs' interests do not conflict with those of the Class, and Plaintiffs have retained counsel experienced in wage-and-hour and class action litigation.

77. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy. MCR 3.501(A)(1)(e). The individual claims are modest relative to the cost of litigating them separately, many Class members are current or former employees who may fear retaliation for suing individually, and separate actions would risk inconsistent adjudications of the same uniform practice.

78. To the extent MCR 3.501(A)(5) limits the recovery of liquidated damages or statutory multiple damages on a class basis, the Class seeks unpaid wages and the value of stolen gratuities as actual damages on a class basis, and the named Plaintiffs seek liquidated damages and treble damages individually.

**COUNT I**
**FAILURE TO PAY THE MINIMUM WAGE, MCL 408.931 ET SEQ.**
*(On behalf of Plaintiffs and the Class)*

78. Plaintiffs incorporate the preceding paragraphs.

79. Defendants are "employers" and Plaintiffs and the Class are "employees" under the IWOWA. MCL 408.932(c), (d).

80. An employer shall not pay an employee a wage rate less than the rate the IWOWA prescribes. MCL 408.933.

81. An employer may pay a tipped employee the reduced wage rate rather than the full minimum wage only if every condition of MCL 408.934d(1) is met.

82. One of those conditions is that the entirety of the gratuities be retained by the employee who receives them, subject only to the employee's own voluntary choice to share them with another employee who is part of the chain of service. MCL 408.934d(1)(d).

83. Another condition is that the employer inform the employee of the provisions of MCL 408.934d in writing at or before the time of hire and obtain the employee's written consent. MCL 408.934d(1)(e).

84. Defendants failed the condition in MCL 408.934d(1)(d) because they required the suite servers to surrender a fixed share of their gratuities through the mandatory Tip Pool.

85. Defendants failed the condition in MCL 408.934d(1)(e) because they did not inform the suite servers of the provisions of MCL 408.934d in writing, and the suite servers were required by their employer to give up a portion of their property in the form of tips guaranteed under law.

86. Because Defendants did not meet every condition for a tip credit, they were required to pay the suite servers the full Michigan minimum wage for every hour worked, without counting gratuities.

87. Defendants violated MCL 408.933 by paying Plaintiffs and the Class at rates less than the IWOWA prescribes.

88. Under MCL 408.939(1)(a), Plaintiffs and the Class are entitled to recover the difference between the amount paid and the amount that, but for the violation, would have been

paid under the IWOWA, together with an equal additional amount as liquidated damages, and costs and reasonable attorney fees.

**COUNT II**
**TIP STEALING UNDER MCL 408.934d(4) AND MCL 408.939**
(*On behalf of Plaintiffs and the Class*)

89. Plaintiffs incorporate the preceding paragraphs.

90. Gratuities remain the property of the employee who receives them, regardless of whether the employer pays the reduced tipped wage or the full minimum wage. MCL 408.934d(4).

91. The tips that suite holders and their guests left for the suite servers were gratuities received by the suite servers within the meaning of MCL 408.934d(3).

92. Those gratuities were the Plaintiffs and other suite servers' property.

93. Defendants took possession and control of the suite servers' gratuities, most of which were charged to credit cards and passed through Defendants' payroll, and took a fixed share of them to meet Defendants' business needs.

94. Defendants' liability under MCL 408.934d(4) does not depend on whether Defendants claimed a tip credit, because the property rule applies regardless of the wage the employer pays.

95. Defendants violated the IWOWA by depriving Plaintiffs and the Class of gratuities that the IWOWA makes their property, and but for the violation those gratuities would have been retained by the suite servers who earned them.

96. Under MCL 408.939(1)(a), Plaintiffs and the Class are entitled to recover the gratuities Defendants taken from them, together with an equal additional amount as liquidated damages, and costs and reasonable attorney fees.

**COUNT III**
**STATUTORY CONVERSION, MCL 600.2919a**
*(On behalf of Plaintiffs and the Class)*

97. Plaintiffs incorporate the preceding paragraphs.

98. The gratuities that suite holders and their guests left for the suite servers were the suite servers' personal property.

99. The stolen gratuities are a specific, identifiable sum of money, recorded by Defendants in their payroll and point-of-sale systems and traceable to each suite server who earned them.

100. Defendants had an obligation to deliver those specific gratuities to the suite servers who received them and obtained them without the suite servers' consent to any debtor-creditor relationship.

101. Defendants exercised dominion over the stolen gratuities in a manner inconsistent with the suite servers' ownership by taking a fixed share of them and paying it to the Runners through Defendants' own payroll.

102. Defendants converted the gratuities to their own use within the meaning of MCL 600.2919a(1)(a) because Defendants used the suite servers' gratuities to pay compensation for other workers and thereby reduced Defendants' own labor costs.

103. In the alternative, Defendants received, possessed, and aided in the concealment of the converted gratuities knowing that they had been converted, within the meaning of MCL 600.2919a(1)(b).

104. As a result of Defendants' conversion, Plaintiffs and the Class were damaged in the amount of the gratuities Defendants illegally taken from them.

105. Under MCL 600.2919a(1), Plaintiffs and the Class are entitled to recover their actual damages, and the named Plaintiffs are entitled to recover three times the amount of their actual damages, together with costs and reasonable attorney fees.

**COUNT IV**
**UNJUST ENRICHMENT**
*(On behalf of Plaintiffs and the Class, in the Alternative)*

103. Plaintiffs incorporate the preceding paragraphs and plead this Count in the alternative.

104. Defendants received a benefit from Plaintiffs and the Class. Defendants took a fixed share of the suite servers' gratuities and used those gratuities to compensate the supplement inadequate pay for employees whom Defendants would otherwise have had to pay from Defendants' own funds. By doing so, Defendants reduced their own labor costs and retained the value of the gratuities.

105. Plaintiffs and the Class did not voluntarily confer that benefit. Defendants required the surrender of gratuities as a non-negotiable condition of working in the suites.

106. No express contract between Plaintiffs and Defendants lawfully governs the transfer of Plaintiffs' gratuities to Defendants or to Defendants' other employees.

107. It would be inequitable for Defendants to retain the benefit conferred by Plaintiffs' gratuities without compensating Plaintiffs and the Class for the full value of those gratuities.

108. Defendants are liable to Plaintiffs and the Class in restitution for the full value of the gratuities taken from them, together with interest.

**COUNT V**
**QUANTUM MERUIT**
*(On behalf of Plaintiffs and the Class, in the Alternative)*

111. Plaintiffs incorporate the preceding paragraphs and plead this Count in the alternative.

112. Plaintiffs and the Class rendered valuable services to Defendants by working as suite servers at Comerica Park, taking orders, serving suite guests, and generating the gratuities that guests left in recognition of those services.

113. Defendants accepted those services and accepted, received, and controlled the gratuities that Plaintiffs' services generated, paying them out through Defendants' own payroll system.

114. Defendants had reasonable notice that the suite servers had a legal right to retain the full value of the gratuities their services generated, as those gratuities were left by guests specifically for the suite servers who served them.

115. By taking a fixed share of those gratuities, Defendants retained the reasonable value of a portion of Plaintiffs' services without compensating Plaintiffs and the Class for it.

116. The reasonable value of that portion of Plaintiffs' services is the amount of the gratuities Defendants stole from Plaintiffs and the Class.

117. Defendants are liable to Plaintiffs and the Class for the reasonable value of the services rendered, measured by the full amount of the gratuities taken from them, together with interest.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs, individually and on behalf of the Class, respectfully request that this Court enter judgment against Defendants, jointly and severally, and award the following relief:

A. An order certifying the Class under MCR 3.501, appointing Plaintiffs as class representatives, and appointing Plaintiffs' counsel as class counsel;

B. Unpaid minimum wages under MCL 408.939(1)(a);

C. The value of all gratuities Defendants took from Plaintiffs and the Class, under MCL 408.934d(4) and MCL 408.939(1)(a);

D. Liquidated damages in an amount equal to the unpaid wages and stolen gratuities, under MCL 408.939(1)(a);

E. Actual damages for Defendants' statutory conversion, and treble damages for the named Plaintiffs, under MCL 600.2919a;

F. Pre-judgment and post-judgment interest as allowed by law, including MCL 600.6013;

G. Costs and reasonable attorney fees under MCL 408.939(1)(a) and MCL 600.2919a; and

H. Any other relief the Court finds just and equitable.

Respectfully submitted,
BLANCHARD & WALKER PLLC

/s/ David M. Blanchard

David M. Blanchard (P67190)
Cali N. Winslow (P88487)
Attorneys for Plaintiffs
221 N. Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 929-4313
blanchard@bwlawonline.com
winslow@bwlawonline.com

Dated: October 9, 2026

26-017893-CB FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 10/9/2026 3:15 PM Jacqueline Ruff

**STATE OF MICHIGAN**
**IN THE THIRD CIRCUIT COURT FOR THE COUNTY OF WAYNE**

YALTA ALVARADO-GOLDEN, ERIKA NASH, ZHANA KRISTOFF, and VERONICA PATILLO, individually and on behalf of all similarly situated persons,

Plaintiffs,

v.

DELAWARE NORTH COMPANIES SPORTSERVICE, INC., MANAGEMENT SERVICES, INC., and DETROIT SPORTSERVICE, INC.,

Defendants.

Case No. 26- -CB

Hon.

BUSINESS COURT CASE

---

David M. Blanchard (P67190)
Cali N. Winslow (P88487)
BLANCHARD & WALKER PLLC
*Attorneys for Plaintiffs*
221 N. Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 929-4313
blanchard@bwlawonline.com
winslow@bwlawonline.com

---

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiffs Yalta Alvarado-Golden, Erika Nash, Zhana Kristoff, and Veronica Patillo, by and through their attorneys, Blanchard & Walker, PLLC, and hereby demands a jury trial in the above-captioned matter.

Respectfully submitted,
BLANCHARD & WALKER PLLC

/s/ David M. Blanchard
David M. Blanchard (P67190)
Cali N. Winslow (P88487)
*Attorneys for Plaintiffs*
221 N. Main Street, Suite 300

Ann Arbor, Michigan 48104
(734) 929-4313
blanchard@bwlawonline.com
winslow@bwlawonline.com

Dated: October 9, 2026

**INDEX OF EXHIBITS**

| | |
|---|---|
| Exhibit 1 | 2025 Tip Pool Notification |
| Exhibit 2 | 2026 Tip Sharing Program |
| Exhibit 3 | Revised Tip Sharing Program |

# EXHIBIT 1

## TIP POOL NOTIFICATION

### DETROIT SPORTSERVICE

Pursuant to the requirements of the federal Fair Labor Standards Act, this notification is to confirm that you have been advised that you will be required to participate in a mandatory tip pool. This means that you will be required to contribute 100% of the tips which you receive directly from customers or indirectly as charge tips to the tip pool, which amount will be distributed among your co-workers who assist you in providing service to our customers. If you are receiving a rate of pay lower that the full minimum wage because you are a regularly tipped employee, the difference between the full minimum wage and your hourly rate is called a tip credit. Only the amount of your tips after your contribution to the tip pool will be considered toward the tip credit. You have a right to retain all of the tips you receive directly from customers or indirectly as charge tips, except the amount you contribute to the tip pool.

**Please indicate your receipt of this notification by signing your name, printing your name under it, and writing the date you signed this notification:**

**Sign Name:** ______________________________

**Print Name:**______________________________

**Date:**___________________________________

**A COPY OF THIS ACKNOWLEDGMENT WILL BE PLACED IN YOUR PERSONNEL FILE**

# EXHIBIT 2

## Tip Sharing Program

We believe everyone who contributes to the chain of service to our guests impacts the overall guest experience, which impacts the tips left by guests. Therefore, we have coordinated with your union to develop this tip sharing program for certain team members who work in the suites.

Servers and suite Food Runners who contribute to guest service will each receive a share of tips. No supervisors or managers will be eligible to receive any share of tips.

Add-on tips left by guests via credit card ("Tips") in the suite will be shared between the Server and the Food Runners. Servers will receive 60% of the Tips for their assigned suites. The remaining 40% of the Tips are pooled and distributed to the Food Runners.

Because we are a cashless operation, most tips are paid by credit card. Accepting tips through mobile apps (for example, Venmo, PayPal or Cash App) is prohibited. Cash tips may be shared among team members in accordance with this program, but the company will not administer sharing and distribution of cash tips.

It is the policy of Delaware North to comply with federal, state, and local laws regarding payment of wages and tax reporting of tips or gratuities. To the extent any provision of this tip-sharing program conflicts with federal or state law, applicable law supersedes this program.

By signing below, I acknowledge that I have received, read, understand, and agree to participate in the tip sharing program.

If I have questions about the tip sharing program, I understand that I should contact Human Resources.

This program is not a contract or promise for employment and is subject to change based on business circumstances.

Yalta Alvarado Golden

Team Member Name

Yalta Alvarado Golden 3-11-26

Team Member Signature Date

# EXHIBIT 3

Delaware North

## Tip Sharing Program

We believe everyone who contributes to the chain of service to our guests impacts the overall guest experience, which impacts the tips left by guests. Therefore, we have coordinated with your union to develop this tip sharing program for all team members who work in the suites. Servers, Suite Food Runners, and Suite Beverage Runners who contribute to guest service will each receive a share of tips, allocated by the Servers. No supervisors or managers will be eligible to receive any share of tips.

Tips left by guests in the suite will be allocated by the Server for the Runners assigned to the suite. Servers will allocate a percentage of tips to receive based on their discretion as specified in this document. The amounts allocated will be paid directly to the Runners through payroll. This tip allocation will remain active and irrevocable until July 13th, All-Star Break. At such time, the tip allocation can be revisited.

Because we are cashless, most tips are paid by credit card. Accepting tips through mobile apps (for example, Venmo, PayPal or Cash App) is prohibited. Cash tips may be shared among team members in accordance with this program, but the company will not administer or process sharing of cash tips.

Delaware North complies with federal, state, and local laws regarding payment of wages and tax reporting of tips or gratuities. To the extent any provision of this tip-sharing program conflicts with federal or state law, applicable law supersedes this program.

By completing the Tip Allocation Percentage and signing below, I acknowledge that I have received, read, understand, and agree to participate in the tip sharing program. I understand that the company will pay the portion of tips allocated directly to the Food Runners and Beverage Runners through payroll.

If I have questions about the tip sharing program, I understand that I should contact Human Resources or Unite HERE/Local 24.

Suite Server Name: ______________________________

Suite Server Signature: ___________________________

Date Signed: ______________________________

**Tip Allocation Percentage**

Food Runners ________

Beverage Runners ________

2026 2nd
current
standing
tip
practice

26-017893-CB FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 10/22/2026 3:57 PM Yolanda Payne

**STATE OF MICHIGAN**
**IN THE THIRD CIRCUIT COURT FOR THE COUNTY OF WAYNE**

YALTA ALVARADO-GOLDEN, ERIKA NASH, ZHANA KRISTOFF, and VERONICA PATILLO, individually and on behalf of all similarly situated persons,

Plaintiffs,

v.

DELAWARE NORTH COMPANIES SPORTSERVICE, INC., MANAGEMENT SERVICES, INC., and DETROIT SPORTSERVICE, INC.,

Defendants.

Case No. 26-017893-CB

Hon. Kathleen M. McCarthy

BUSINESS COURT CASE

---

David M. Blanchard (P67190)
Cali N. Winslow (P88487)
BLANCHARD & WALKER PLLC
*Attorneys for Plaintiffs*
221 N. Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 929-4313
blanchard@bwlawonline.com
winslow@bwlawonline.com

---

## NOTICE OF APPEARANCE

NOW COMES Cali N. Winslow (P88487) of Blanchard & Walker, PLLC to enter her appearance as co-counsel for Plaintiffs in the above-captioned matter.

Respectfully submitted,
BLANCHARD & WALKER PLLC

/s/ Cali N. Winslow

Cali N. Winslow (P88487)
*Attorney for Plaintiffs*
221 N. Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 929-4313
winslow@bwlawonline.com

Dated: October 22, 2026

26-017893-CB FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 10/22/2026 3:57 PM Yolanda Payne

| STATE OF MICHIGAN<br>MI Wayne 3rd Circuit Court | PROOF OF ELECTRONIC SERVICE | CASE NO. 26-017893-CB |
|---|---|---|

Case Title
Alvarado-Golden, Yalta , et al. v Delaware North Companies Sportservice, Inc. , et al.

1. MiFILE served the following documents on the following persons in accordance with MCR 1.109(G)(6).

| Type of Document | Title of Document |
|---|---|
| Appearance of Attorney | CNW Appearance |

| Person Served | E-mail Address of Service | Date and Time of Service |
|---|---|---|
| David M Blanchard | blanchard@bwlawonline.com | 10/22/2026 3:57:07 PM |

2. I, Leslie Wenzel, initiated the above MiFILE service transmission.

This proof of electronic service was automatically created, submitted, and signed on my behalf by MiFILE. I declare under the penalties of perjury that this proof of electronic service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

10/22/2026
Date

/s/Leslie Wenzel
Signature

Blanchard & Walker PLLC
Firm (if applicable)

26-017893-CB FILED IN MY OFFICE WAYNE COUNTY CLERK 10/27/2026 8:27 AM Jacquetta Parkinson Cathy M. Garrett

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>26-017893-CB<br>Hon.Kathleen M. McCarthy |
|---|---|---|

Court telephone no.: 313-224-5481

| Plaintiff's name(s), address(es), and telephone no(s) | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Alvarado-Golden, Yalta | v | Detroit Sportservice, Inc. |
| **Plaintiff's attorney, bar no., address, and telephone no**<br>David M Blanchard 67190<br>221 N Main St Ste 300<br>Ann Arbor, MI 48104-1166 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ________________________ Court, where it was given case number ____________ and assigned to Judge ____________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 10/9/2026 | 1/8/2027 | Jacqueline Ruff |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.



THIRD JUDICIAL CIRCUIT OF MICHIGAN

**SUMMONS**
Case No. : **26-017893-CB**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☒ I served ☐ personally ☒ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Detroit Sportservice Inc. c/o Cogency, RA | 10/19/26 2:07 PM |
| Place or address of service: 186 North Main Street, Floor 2, Suite 1, Plymouth, MI 48170 | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☒ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | |
|---|---|---|---|
| $ -0- | $ -0- | $ -0- | |
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ -0- |

Signature: [signature]

Leslie M. Wenzel
Name (type or print)

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

______________________________ on ______________________________
Attachments (if any) Date and time

______________________________ on behalf of ______________________________.

Signature
______________________________

MCL 600.1910, MCR 2.104, MCR 2.105

**SENDER: *COMPLETE THIS SECTION***

- **Complete items 1, 2, and 3.**
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Detroit Sportservice, Inc
c/o Cogency Global, Inc
186 N. Main St, Fl. 2, Ste 1
Plymouth, MI 48170

9590 9402 4932 9063 8338 28

2. Article Number *(Transfer from service label)*

9589 0710 5270 2972 1873 97

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X [signature] ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

- ☐ Adult Signature
- ☒ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**U.S. Postal Service™** Alvarado

**CERTIFIED MAIL® RECEIPT**

***Domestic Mail Only***

For delivery information, visit our website at www.usps.com®.

9589 0710 5270 2972 1873 97

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*

- ☒ Return Receipt (hardcopy) $
- ☐ Return Receipt (electronic) $
- ☐ Certified Mail Restricted Delivery $
- ☒ Adult Signature Required $
- ☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Postmark Here

[Postmark: ANN ARBOR ... 15 2026]

*Sent To* Detroit Sportservice, Inc c/o Cogency

*Street and Apt. No., or PO Box No.* 186 N. Main St, Fl 2, Ste 1

*City, State, ZIP+4®* Plymouth, MI 48170

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

# USPS Tracking®

FAQs >

Remove ✕

Tracking Number:

## 9589071052702972187397

Copy Add to Informed Delivery

### Latest Update

Your item was delivered to an individual at the address at 2:07 pm on October 19, 2026 in PLYMOUTH, MI 48170.

---

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

Feedback

### Delivered

**Delivered, Left with Individual**

PLYMOUTH, MI 48170
October 19, 2026 2:07 PM

**Arrived at USPS Facility**

DETROIT MI DISTRIBUTION CENTER
October 17, 2026 1:52 PM

**Arrived at USPS Facility**

PONTIAC MI DISTRIBUTION CENTER
October 16, 2026 10:14 PM

**Hide Tracking History**

What Do USPS Tracking Statuses Mean?

### Text & Email Updates

**USPS Tracking Plus®**

**Product Information**

**See Less**

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

26-017893-CB FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 10/27/2026 8:27 AM Jacquetta Parkinson

| STATE OF MICHIGAN<br>MI Wayne 3rd Circuit Court | PROOF OF ELECTRONIC SERVICE | CASE NO. 26-017893-CB |
|---|---|---|

Case Title
Alvarado-Golden, Yalta , et al. v Delaware North Companies Sportservice, Inc. , et al.

1. MiFILE served the following documents on the following persons in accordance with MCR 1.109(G)(6).

| Type of Document | Title of Document |
|---|---|
| Proof of Service | Detroit Sportservice Inc POS |

| Person Served | E-mail Address of Service | Date and Time of Service |
|---|---|---|
| David M Blanchard | blanchard@bwlawonline.com | 10/27/2026 8:27:14 AM |
| Cali Nicole Winslow | winslow@bwlawonline.com | 10/27/2026 8:27:14 AM |

2. I, Leslie Wenzel, initiated the above MiFILE service transmission.

This proof of electronic service was automatically created, submitted, and signed on my behalf by MiFILE. I declare under the penalties of perjury that this proof of electronic service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

10/27/2026
Date

/s/Leslie Wenzel
Signature

Blanchard & Walker PLLC
Firm (if applicable)

26-017893-CB FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 10/27/2026 8:27 AM Jacquetta Parkinson

| STATE OF MICHIGAN<br>MI Wayne 3rd Circuit Court | PROOF OF ELECTRONIC SERVICE | CASE NO. 26-017893-CB |
|---|---|---|

Case Title
Alvarado-Golden, Yalta , et al. v Delaware North Companies Sportservice, Inc. , et al.

1. MiFILE served the following documents on the following persons in accordance with MCR 1.109(G)(6).

| Type of Document | Title of Document |
|---|---|
| Proof of Service | Detroit Sportservice Inc POS |

| Person Served | E-mail Address of Service | Date and Time of Service |
|---|---|---|
| David M Blanchard | blanchard@bwlawonline.com | 10/27/2026 8:27:14 AM |
| Cali Nicole Winslow | winslow@bwlawonline.com | 10/27/2026 8:27:14 AM |

2. I, Leslie Wenzel, initiated the above MiFILE service transmission.

This proof of electronic service was automatically created, submitted, and signed on my behalf by MiFILE. I declare under the penalties of perjury that this proof of electronic service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

10/27/2026
Date

/s/Leslie Wenzel
Signature

Blanchard & Walker PLLC
Firm (if applicable)

26-017893-CB FILED IN MY OFFICE WAYNE COUNTY CLERK 10/28/2026 2:55 PM Cathy M. Garrett Jacquetta Parkinson

| STATE OF MICHIGAN<br>MI Wayne 3rd Circuit Court | PROOF OF ELECTRONIC SERVICE | CASE NO. 26-017893-CB |
|---|---|---|

Case Title
Alvarado-Golden, Yalta , et al. v Delaware North Companies Sportservice, Inc. , et al.

1. MiFILE served the following documents on the following persons in accordance with MCR 1.109(G)(6).

| Type of Document | Title of Document |
|---|---|
| Proof of Service | Delaware North Companies POS |

| Person Served | E-mail Address of Service | Date and Time of Service |
|---|---|---|
| David M Blanchard | blanchard@bwlawonline.com | 10/28/2026 2:55:10 PM |
| Cali Nicole Winslow | winslow@bwlawonline.com | 10/28/2026 2:55:10 PM |

2. I, Leslie Wenzel, initiated the above MiFILE service transmission.

This proof of electronic service was automatically created, submitted, and signed on my behalf by MiFILE. I declare under the penalties of perjury that this proof of electronic service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

10/28/2026
Date

/s/Leslie Wenzel
Signature

Blanchard & Walker PLLC
Firm (if applicable)

26-017893-CB FILED IN MY OFFICE WAYNE COUNTY CLERK 10/28/2026 2:55 PM Jacquetta Parkinson Cathy M. Garrett

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>26-017893-CB<br>Hon.Kathleen M. McCarthy |
|---|---|---|

Court telephone no.: 313-224-5481

| Plaintiff's name(s), address(es), and telephone no(s)<br>Alvarado-Golden, Yalta | v | Defendant's name(s), address(es), and telephone no(s).<br>Delaware North Companies Sportservice, Inc. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>David M Blanchard 67190<br>221 N Main St Ste 300<br>Ann Arbor, MI 48104-1166 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ____________ and assigned to Judge ____________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 10/9/2026 | 1/8/2027 | Jacqueline Ruff |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.



THIRD JUDICIAL CIRCUIT OF MICHIGAN

SUMMONS
Case No : 26-017893-CB

# PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☒ I served ☐ personally ☒ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Delaware North c/o Cogency | 10/19/26 2:07 PM |
| Place or address of service: 1816 North Main Street Floor 2, Suite 1, Plymouth, MI 48170 | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☒ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | |
|---|---|---|---|
| $ | $ | $ | |
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ 8 |

Signature: [signature]

Name (type or print): Leslie Wenzel

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

______________________ on ______________________

Attachments (if any) Date and time

______________________ on behalf of ______________________.

Signature

______________________

MCL 600.1910, MCR 2.104, MCR 2.105

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Delaware North Companies
Sportservice, Inc.
c/o Cogency Global, Inc.
186 N. Main St, Fl 2, Ste 1
Plymouth, MI 48170

9590 9402 4932 9063 8338 11

2. Article Number *(Transfer from service label)*

9589 0710 5270 2972 1874 03

PS Form 3811, July 2015 PSN 7530-02-000-9053

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X [signature]

☐ Agent
☐ Address

B. Received by *(Printed Name)*

C. Date of Deli

D. Is delivery address different from item 1? ☐ Y
If YES, enter delivery address below:

3. Service Type

- ☐ Adult Signature
- ☒ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

9589 0710 5270 2972 1874 03

**U.S. Postal Service™** Alvarado
**CERTIFIED MAIL® RECEIPT**
***Domestic Mail Only***

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*

- ☒ Return Receipt (hardcopy)
- ☐ Return Receipt (electronic)
- ☐ Certified Mail Restricted Delivery
- ☒ Adult Signature Required
- ☒ Adult Signature Restricted Delivery $

Postmark Here

[Postmark: ANN ARBOR LIBERTY STATION ... 2026 ... ANN ARBOR]

Postage
$

Total Postage and Fees
$

Sent To
Delaware North Co c/o Cogency

Street and Apt. No., or PO Box No.
186 N. Main St, Fl 2, Ste 1

City, State, ZIP+4®
Plymouth MI 48170

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

ALERT: IMPACTS FROM COASTAL FLOODING IN THE SOUTHEAST AND WEST COAST REGION...

# USPS Tracking®

FAQs >

Remove ✕

Tracking Number:

**9589071052702972187403**

Copy Add to Informed Delivery

## Latest Update

Your item was delivered to an individual at the address at 2:07 pm on October 19, 2026 in PLYMOUTH, MI 48170.

---

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

Feedback

## Delivered

**Delivered, Left with Individual**

PLYMOUTH, MI 48170
October 19, 2026 2:07 PM

**Arrived at USPS Facility**

DETROIT MI DISTRIBUTION CENTER
October 17, 2026 1:52 PM

**Arrived at USPS Facility**

PONTIAC MI DISTRIBUTION CENTER
October 16, 2026 10:14 PM

**Hide Tracking History**

What Do USPS Tracking Statuses Mean?

**Text & Email Updates**

**USPS Tracking Plus®**

**Product Information**

**See Less**

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE_COUNTY | STATUS CONFERENCE SCHEDULING ORDER | CASE NO.<br>26-017893-CB |
|---|---|---|

Alvarado-Golden, Yalta , et al. v Delaware North Companies S
Hon. Kathleen M. McCarthy

Case Status: Open Inactive
Status Conference Date: 10/28/2026
Filed Date: 10/09/2026

PL Yalta Alvarado-Golden 88487 Cali Nicole Winslow

DF Delaware North Companies Sportservice, I

1. ☑ Service has been obtained and time for filing of the answer has not lapsed. IT IS ORDERED THAT:
   - ☐ An adjourned Status Conference is to be held on: .
   - ☐ **PLAINTIFF IS ORDERED** to notify all parties of this conference, and file proof of service with Clerk of the Court (Room 201 Coleman A. Young Municipal Center).
   - ☑ The Court has established the schedule of events noted below and PLAINTIFF IS ORDERED to serve a copy of this Scheduling Order on all parties and file proof of service with the Clerk of the Court.

2. ☐ Service has been obtained, time for filing an answer has lapsed and no answer has been filed by Defendant . Default shall be filed and served, and motion for entry of default judgment shall be filed and heard no later than .

3. ☑ The following schedule of events is ordered:

| Please check ( x ) Track Selection | ☑ Track #1 | ☐ Track #2 | ☐ Track #3 | ☐ Other |
|---|---|---|---|---|
| Witness Exchange Filing | 4/2/2027 | 6/18/2027 | 9/17/2027 | |
| Discovery Cutoff | 5/21/2027 | 8/20/2027 | 11/19/2027 | |
| Case Evaluation Month | July 2027 | October 2027 | January 2028 | |
| Settlement Conference<br>(Case Evaluation date Plus 42 days) | 42 | 42 | 42 | |
| Other Conference | | | | |

Comments: (1) Refer to Judge McCarthy's Protocols, found at 3rdcc.org/essential links/judges.

(2) As an electronic courtroom, send copies of ALL Motions/Responses to JudgeMcCarthy-Court@3rdcc.org.

Provide date of hearing and case numbers on all communications, if possible. Refer to Protocols above.

(3) All Motions for Summary Judgment MUST be filed within 30 days of the close of discovery, or are waived.

Attorneys and/or parties are required to immediately notify the Court if there is a prior action arising out of the same transaction or occurrence, including a prior first party no-fault claim.

Please check ( **x** ) if special case evaluation panel is applicable:

☐ COMMERCIAL ☐ EMPLOYMENT/DISCRIMINATION PANEL ☐ BUSINESS COURT PANEL

**NOTE: The specific trial attorneys, parties, lienholders and insurance representatives or other persons with authority to make a final decision as to settlement are required to appear at the Settlement Conference, unless excused by the assigned judge.**

**NOTICE: This constitutes a duly entered Order of this Court and failure to comply strictly with all its terms may result in sanctions.**

Attorney for Plaintiff Bar No. | Attorney for Defendant Bar No.

Attorney for Plaintiff Bar No. | Attorney for Defendant Bar No.

/s/ Kathleen M. McCarthy 10/28/2026

Circuit Court Judge Date